United States District Court
Southern District of Texas
**ENTERED**
June 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH TROTTIER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SYSCO CORPORATION,<br><br>Defendant. | Case No.: 4:23-cv-01818<br><br>Judge George C. Hanks, Jr. |
| CARMELO PACHECO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SYSCO CORPORATION,<br><br>Defendant. | Case No.: 4:23-cv-01831<br><br>Judge Kenneth M. Hoyt |
| BRYCE MILLER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SYSCO CORPORATION,<br><br>Defendant. | Case No.: 4:23-cv-01845<br><br>Judge Alfred H. Bennett |

ORDER GRANTING
<u>PLAINTIFF'S MOTION TO CONSOLIDATE CASES</u>

1

Plaintiff Joseph Trottier ("Plaintiff"), individually and on behalf of all others similarly situated, moved for consolidation of the following actions (collectively, the "Related Actions") for both pre-trial and trial purposes pursuant to Federal Rule of Civil Procedure 42(a):

| | |
|---|---|
| 4:23-cv-01818 | *Trottier v. Sysco Corporation* |
| 4:23-cv-01831 | *Pacheco v. Sysco Corporation* |
| 4:23-cv-01845 | *Miller v. Sysco Corporation* |

Having reviewed the Motion, the Memorandum in Support, and the complaints in all actions and having found that the cases involve some of the same issues of fact and law, grow out of the same alleged data breach involving Defendant Sysco Corporation ("Sysco" or "Defendant"), have many of the same claims, and have proposed class definitions that will encompass the same persons, this Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases. This Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the Parties' resources, as well as avoiding disparate rulings in separate actions.

Accordingly, because this Court finds that the Related Actions have sufficient commonality of law and fact and does not increase the risk of an unfair outcome, the Motion is GRANTED. As such, the Court ORDERS the following:

1. The above-listed actions shall be CONSOLIDATED for all purposes into the *Trottier* action, which is the lowest numbered case. All future pleadings, motions, briefs,

and other papers shall be filed in the *Trottier* action, Case No. 4:23-cv-01818 which shall hereinafter be a Consolidated Action. The Clerk is DIRECTED to close the remaining actions.

2. Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of Defendant's right to object to consolidation of any subsequently-filed or transferred related action;

3. Plaintiffs shall file a consolidated amended complaint no later than 45 days following the appointment of interim class counsel;

4. Defendant shall have 45 days from the filing of the consolidated amended complaint to file a motion to dismiss or otherwise respond thereto, Plaintiffs shall have 30 days thereafter to file their opposition, and Defendant shall have 21 days thereafter to file a reply in support.

**It is so ORDERED.**

_June 27, 2023_
Date

_/s/ George Hanks_
The Honorable George C. Hanks, Jr.
United States District Judge

3